IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHELTER MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-19-36-SPS |
| THOMAS FRITZ D/B/A KTJ ESCORT; LANDSTAR RANGER, INC.; NELLIE GARCIA; FELICIA ROJAS; KRISTIAN PESCADERO; and BOBBY RHODES, JR., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on motion by Defendants Nellie Garcia and Kristian Pescadero [Docket No. 32] and Felicia Rojas [Docket No. 49] (collectively, "Defendants") to dismiss the Plaintiff's Complaint against them in this case. For the reasons set forth below, the Court finds that the Defendants Nellie Garcia and Kristian Pescadero's Motion to Dismiss and Answer to Plaintiff's Complaint [Docket No. 32] and Defendant Felicia Rojas' Answer to Plaintiff's Complaint and Notice of Joining Defendants Garcia and Pescadero's Motion to Dismiss [Docket No. 49] should be DENIED.

As set forth in the Complaint, Plaintiff Shelter Mutual Insurance Company filed this Declaratory Judgment action as to liability coverage under a commercial general liability policy issued to Defendant Thomas Fritz d/b/a KTJ Escort and Landstar Ranger, Inc.

("Landstar"). As alleged in the Complaint, Defendants Garcia, Rojas, and Pescadero were injured when non-party Curtis Blake Grimm lost control of the load on the tractor-trailer owned by Landstar that he was driving, dragging it across a highway while leaving the dolly behind, and that this may have been precipitated by the negligence of an accompanying escort vehicle driver, co-Defendant Bobby Rhodes. Garcia, Rojas, and Pescadero have sued a number of parties in Texas state court for negligence, negligence per se, and gross negligence, and are seeking over $1,000,000.00 in monetary damages. Shelter is currently providing a defense to Mr. Fritz and Landstar in the Texas court case but has reserved the right to deny coverage and has now filed the present declaratory judgment action here.

Defendants Garcia, Pescadero, and Rojas all assert that they are not required or indispensable parties because they are not parties to the subject insurance policy and do not have standing to bring a claim as to the terms of the policy. However, "[i]n declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured. Ordinarily, in an action for a declaratory judgment, all persons interested in the declaration are necessary parties." *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 658 (10th Cir. 1946) ("If, therefore, Helen M. Johnson is not a necessary and indispensable party, she is assuredly an interested and proper party to the declaratory action."), *citing, inter alia, Maryland Casualty Co. v. Pacific Coal Oil Co.*, 312 U.S. 270, 273-274 (1941).

Furthermore, the Tenth Circuit has stated, "[W]e have previously supported the view that in an action for declaratory judgment all persons interested in the declaration are 'necessary' parties." *Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir. 1974), *citing Franklin*, 157 F.2d at 658. The Court thus finds that Defendants Garcia, Pescadero, and Rojas have an interest in whether Fritz and Landstar are covered by the subject insurance policy, and further finds that said Defendants are therefore necessary parties to this action. *See United Specialty Ins. Co v. Conner Roofing & Guttering, LLC*, 2012 WL 208104, at *2 (N.D. Okla. Jan. 24, 2012) ("Should Treasured Gowns obtain a judgment against Conner Roofing, it will clearly have an interest in whether Conner Roofing is covered by the CGL policy, because Treasured Gowns will want to collect any judgment entered against Conner Roofing. Thus, it was proper for United to join Treasured Gowns as a party in this declaratory judgment action."). *See also Maryland Casualty Co. v. Consumers Finance Service of Pennsylvania*, 101 F.2d 514, 515 (3d Cir. 1938) ("It is equally clear that in such a proceeding involving an automobile liability policy persons injured in the accident in question are necessary and proper parties."). This appears to be particularly true in cases where there is an underlying action where the injured party is seeking redress as to an insured. *See, e. g.*, *Hunt v. State Farm Mutual Automobile Ins. Co.*, 655 F. Supp. 284, 287 (D. Nev. 1987) (Where "there was a separate case pending in which the injured party sought a judgment against the insured party[,]" "there is a real and immediate controversy concerning the insurance company's obligations to the insured vis-à-vis the underlying personal injury action."). But even if the Defendants are not *necessary* parties, the Court nevertheless finds them proper parties in light of their interest in whether Plaintiff

will provide coverage for their alleged injuries. *See* Fed. R. Civ. P. 20(a)(2) ("Persons []
may be joined in one action as defendants if: (A) any right to relief is asserted against them
jointly, severally, or in the alternative with respect to or arising out of the same transaction,
occurrence, or series of transactions or occurrences[.]").

## CONCLUSION

Consequently, IT IS ORDERED that the Defendants Nellie Garcia and Kristian Pescadero's Motion to Dismiss and Answer to Plaintiff's Complaint [Docket No. 32] and Defendant Felicia Rojas' Answer to Plaintiff's Complaint and Notice of Joining Defendants Garcia and Pescadero's Motion to Dismiss [Docket No. 49] are hereby DENIED.

**DATED** this 30th day of September, 2019.

     _____
     Steven P. Shreder
     United States Magistrate Judge
     Eastern District of Oklahoma